# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NUMBER: 8:06-cr-65-T-30TBM
USM NUMBER: 26483-018

vs.

JEREMY B. HOWARD

Defendant's Attorney: Rosemary Cakmis, AFPD

Date of Original Judgment:        April 19, 2007
Date of Second Amended Judgment:  March 27, 2008

## Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant [Dkt. 109] ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the motion is:

☐ DENIED.    x GRANTED to the extent that defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of __135__ months is **reduced to** __112__ months.

(Complete Parts I and II when motion is granted)

Except as provided, all provisions of the judgment dated March 27, 2008 shall remain in effect.

**IT IS SO ORDERED.**

Order Date:   December 20, 2011

_____
Judge's Signature

Effective Date: _____
(if different from order date)

JAMES S. MOODY, JR., U.S. DISTRICT JUDGE
Printed name and Title

Defendant: Jeremy B. Howard
Case Number: 8:06-cr-65-T-30TBM
District: Middle District of Florida, Tampa Division

## I. COURT DETERMINATION OF GUIDELINE RANGE (Prior to Any Departures)

Previous Offense Level: 27
Criminal History Category: VI
Previous Guideline Range: 130 to 162 months

Amended Offense Level: 25
Criminal History Category: VI
Amended Guideline Range: 120 to 137 months

## II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range application to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☒ Other (explain): When imposing the original sentence, the Court departed from the applicable guideline range by one level pursuant to USSG §5K1.1. Applying a comparable departure to the guideline range applicable after the retroactive application of the crack cocaine amendment would result in an imprisonment range of 100 - 125 months. The Court imposed a sentence at the middle of the departed range at the time of the original sentence and at the time of the Amendment 706 reduction. Imposing a comparable departure results in a sentence of 112 months as to each count, to run concurrently.

## III. ADDITIONAL COMMENTS

Defendant's sentence shall be stayed for ten (10) calendar days after the entry of this order or until such time as the Bureau of Prisons has completed the release preparations, whichever is sooner.